NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

ANTHONY TAGLIAFERRO, :
: Civ. No. 23-8197 (RMB-EAP)
Plaintiff. :
:
v. :
: **OPINION**
KIMBERLY GREEN, et al., :
:
Defendants. :
---

RENÉE MARIE BUMB, United States District Judge

Plaintiff Anthony Tagliaferro, a former prisoner presently housed in a residential reentry center in Bridgeton, New Jersey, filed this civil rights suit under 42 U.S.C. § 1983, alleging deliberate indifference to his serious dental needs, unreasonable strip search, and disagreement with his discharge summary. Plaintiff also submitted an application to proceed without prepayment of the filing fee ("IFP App.") under 28 U.S.C. § 1915(a) (Dkt. No. 1-1). The IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

I.   *Sua Sponte* Dismissal

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any

1

claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

## II.   THE COMPLAINT

The defendants to this action are employed by Hendricks House, which this Court will assume, solely for purposes of screening the complaint for dismissal, is contracted by the State of New Jersey to provide services to convicted prisoners who are serving the remainder of their sentences in a residential reentry center.[1] *See, West v. Atkins*, 487 U.S. 42, 28 (1988) (holding that to state a § 1983 claim, a plaintiff must

---

[1] Hendricks House "contract[s] for client funding with the State of New Jersey Fee For Service Contract, which includes Recovery Court, NJSI, SJI, SAI Work First, DUII and MAP." Available at https://hendrickshouse.org/halfway-house-residential-program/.

2

allege a constitutional violation committed by a person acting under color of state law.)

While Plaintiff was in Hendricks House, he suffered from severe tooth pain that prevented him from eating, sleeping and working. He requested emergency dental services, and when he was not scheduled within approximately ten days, he complained to Ms. Demaris, the director. Ms. Demaris called a meeting on April 26, 2023. At this meeting, Sandra [last name unknown], a counselor/supervisor, and Kimberly Green, Program Director, lied and said they had called four dentists and could not get an appointment sooner than 2 ½ weeks. Plaintiff discovered they had lied because he spoke to the secretary, Ms. Daisy, who told Plaintiff she was the only person who had called to make his dentist appointment. She called two dentists. She had not been told it was an emergency, so she did not seek an emergency appointment. She then called a dentist, in front of Plaintiff, and was able to make an emergency appointment for the next day. Plaintiff suffered severe pain and lost his job while waiting for a dental appointment for abscess teeth.

On April 27, 2023, Mike Daisy, employed by Hendricks House, pulled Plaintiff into a nurse's office and accused Plaintiff of having a cell phone. He strip-searched Plaintiff and recorded the strip search on video. Plaintiff alleges Mr. Daisy was not authorized to perform the strip search.

Also on April 27, 2023, Katrina Wilson wrote Plaintiff's discharge summary from Hendricks House. Plaintiff alleges she lied by stating he was resistant to treatment, that he was confrontational, and that he had no recognition of the skills

needed to combat addiction. Plaintiff alleges this could not be true because he had perfect attendance, no write ups, and no dirty urine for a month. Plaintiff also seeks to hold Ms. Demaris liable for permitting her employees misconduct and for not reprimanding them.

### III.   DISCUSSION

#### A.   Eighth Amendment Inadequate Medical Care

"An incarcerated plaintiff asserting a § 1983 claim for inadequate medical care under the Eighth Amendment must show the existence of a serious medical need and that facility staff demonstrated deliberate indifference to that medical need." *Romero v. Ahsan*, 827 F. App'x 222, 226 (3d Cir. 2020). "Serious medical needs include those that have been diagnosed by a physician as requiring treatment…." *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 227 (D.N.J. 2000) (citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987), *cert. denied*, 486 U.S. 1006 (1988)). The Third Circuit has found deliberate indifference

> in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "[N]egligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.*

4

Plaintiff's Eighth Amendment claim may proceed against Sandra, whose last name Plaintiff must identify in an amended complaint, and Kimberly Green. Plaintiff seeks to hold Ms. Demaris responsible for their alleged misconduct and for failing to reprimand them. Under § 1983, supervisors are not vicariously liable for the misconduct of their subordinates. *Iqbal*, 556 U.S. at 676. In the Third Circuit,

> "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original).

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010). Ms. Demaris' alleged failure to reprimand Sandra and Kimberly Green after learning they had not tried to schedule an emergency dental appointment for Plaintiff does not establish her contemporaneous knowledge and acquiescence in their misconduct. Furthermore, Plaintiff has not alleged facts demonstrating that Ms. Demaris maintained a policy or custom that caused the delay in scheduling Plaintiff's emergency dental appointment. The Court will dismiss the Eighth Amendment claim against Ms. Demaris without prejudice.

B.  **Fourth Amendment Strip Search Claim**

The basic purpose of the Fourth Amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials."

*Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 528, (1967)). The Fourth Amendment protects people, and the reasonable expectations of privacy that society is willing to recognize. *Id.* In a custodial setting, the Fourth Amendment requires a balance of inmate privacy and the needs of the institution. *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 339 (2012). Here, the intrusion into Plaintiff's privacy by strip searching him was for the purpose of determining whether he possessed a cell phone, in violation of the facility's rules. Courts must give deference to the expertise of corrections officials in creating policies reasonably related to legitimate security interests. *Parkell v. Danberg*, 833 F.3d 313, 326 (3d Cir. 2016). Although a halfway house is different than a prison or jail, there are legitimate security interests in housing prisoners for reentry services. Thus, the Court must balance the intrusion into Plaintiff's privacy with the legitimate security interest of the halfway house.

  Plaintiff alleges he was embarrassed by the strip search, but this alone does not make the search unreasonable. Plaintiff's primary complaint about the reasonableness of the search, performed in the nurses' office, was that it was video recorded. Video recording of searches may serve the purpose of establishing whether the search was performed in a reasonable manner, which provides protection to both parties involved. Without further allegations that the video recording was used for an improper purpose, Plaintiff has failed to allege, as a convicted and sentenced state prisoner housed in a halfway house that has legitimate security interests, that he was

6

subject to an unreasonable search in violation of the Fourth Amendment.  *See e.g.*, *Gray v. Gilmore*, No. 2:18-CV-01414-LPL, 2019 WL 4143426, at *4 (W.D. Pa. June 20, 2019), *report and recommendation adopted*, No. 2:18-CV-01414, 2019 WL 4140955 (W.D. Pa. Aug. 30, 2019) (mere video recording of strip searches of prisoners was not, by itself, an unreasonable search); *Vo v. Gilmore*, No. CV 18-1364, 2020 WL 10052602, at *8 (W.D. Pa. Nov. 2, 2020), *report and recommendation adopted sub nom. Van Vo v. Gilmore*, No. 2:18-CV-1364-NR, 2021 WL 1807872 (W.D. Pa. May 6, 2021) (holding "[t]here is a valid, rational connection between the practice of recording searches with the legitimate interests of preventing the smuggling of contraband and properly investigating allegations of abuse against prison staff and inmates.")  Therefore, the Court will dismiss Plaintiff's Fourth Amendment unreasonable search claim without prejudice.  The claim against Ms. Demaris for permitting staff to conduct an unreasonable search, under the facts alleged here, also fails to state a claim.

### C.   Discharge Summary Claim

Plaintiff disagrees with Katrina Wilson's assessment of his response to treatment, reflected in his discharge summary from Hendricks House.  This allegation fails to state a claim of violation of a constitutional right.  The Court will dismiss the claim without prejudice.

## IV. MOTION TO APPOINT PRO BONO COUNSEL

Plaintiff seeks appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1) because he is indigent, untrained in the law, and may ultimately require an expert witness. (Mot. to Appoint Pro Bono Counsel, Dkt. No. 3.) Plaintiff has demonstrated the ability to represent himself by filing a *pro se* complaint setting forth the factual basis for his claims. It is not yet clear that Plaintiff will require an expert witness. Therefore, the Court will deny Plaintiff's motion for appointment of pro bono counsel at this early stage of the proceedings. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) ("The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to appoint counsel.") If circumstances change, Plaintiff may renew his request for appointment of pro bono counsel.

## V. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and permit the Eighth Amendment claims to proceed against Sandra and Ms. Green. The remainder of the claims will be dismissed without prejudice, and Plaintiff's motion for appointment of pro bono counsel will be denied without prejudice.

An appropriate Order follows.

**DATE:** January 30, 2024            s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      United States District Judge